UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY DELANGE and DELANGE'S
GUN & SPORTS SHOP,                                    Case No. 1:07-MC-59

       Petitioners,                                  Hon. Richard Alan Enslen

v.

RICHARD C. ALEXANDER,
                                        **OPINION**

       Respondent.
_____/

       This matter is before the Court on the competing summary judgment motions of Petitioners Gary DeLange and DeLange's Gun & Sports Shop and Respondent Richard C. Alexander, who is the local Director for Industry Operations of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). Both motions will be reviewed simultaneously. Although the Court has discretion to conduct an evidentiary hearing, neither party requested one and it would have little utility. "Considerations of judicial economy suggest that trial anew of factual matters already litigated should be avoided unless substantial doubt infects the agency's findings of fact." *Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 466 (7th Cir. 1980) (citation omitted). Upon review of the briefing and administrative record, the Court determines that oral argument is also unnecessary. *See* W.D. Mich. LCivR. 7.2(d). After review, the Court concludes summary judgment is appropriate for BATFE.

**I. BACKGROUND**

       DeLange, who does business as DeLange's Gun & Sports Shop in Sparta, Michigan, has held a federal firearms license since 1974. Starting in 1996, BATFE began periodically inspecting his business to ensure compliance with the Gun Control Act, 18 U.S.C. § 921 *et seq.*, and BATFE

regulations. In the 1996 compliance inspection, agents discovered DeLange failed to record firearms retained overnight in his acquisition and disposition record,[1] and on ten firearms transfers improperly filled out Form 4473.[2] DeLange signed a BATFE report indicating the violations found and corrective action necessary. (Ex. 8; Tr. 33–35.)

In 1997, BATFE performed a second compliance inspection in which additional violations were found. DeLange improperly completed Form 4473 in 10 out of the 50 forms sampled and improperly maintained his acquisition and disposition record by not recording the disposition of a firearm. (Ex. 9; Tr. at 25–30.) DeLange signed another report indicating his violations and the corrective action necessary. (Ex. 9; Tr. 30–33.) One month later, BATFE sent a warning letter to DeLange reiterating his violations, emphasizing that BATFE doubted whether DeLange was willing and able to comply with the applicable laws and regulations, and advising DeLange that future violations could be considered willful and result in the revocation of his license. (Ex. 10; Tr. 35–41.)

In 2001, BATFE conducted another compliance inspection. This inspection unearthed numerous additional violations, including knowingly transferring a firearm to a prohibited person; disposing of a firearm without recording the transaction on Form 4473; improperly completing Form 4473 on 99 firearm transfers; not verifying the identity of a transferee on four transfers; not ensuring

---

[1] The acquisition and disposition record details the firearms at the licensee's business, including the make, model, serial number, identity of the person that sold the firearm to the licensee, and date of acquisition and disposition. (Tr. 19–21.)

[2] Form 4473 is a firearm transaction record completed by the individual purchasing the firearm and the licensee selling the firearm. (Tr. 22.) The purpose of Form 4473 is "to record identifying information about gun purchasers and the firearms they purchase, which allows firearms to be traced and prevents transfer to persons prohibited from possessing firearms." *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 494 (7th Cir. 2006) (citing 27 C.F.R. § 478.124(c)(2)).

that an alien transferee was a resident of Michigan on two transfers; improperly recording National Instant Criminal Background Check System ("NICS") information on Form 4473 on 19 transfers; not separately retaining Form 4473 with respect to transactions denied by NICS; not recording required information in the acquisition and disposition record on three transfers; incorrectly recording a disposition in the acquisition and disposition record for a firearm found in inventory; and failing to note the type of firearm on Form 4473 on four transfers. (*See* Ex. 11a; Tr. 41–67.) DeLange again signed a report detailing his violations and the necessary corrective action. (Ex. 11a; TR. 43–45, 76–79.) BATFE provided DeLange with a general overview of BATFE regulations relating to, *inter alia*, prohibited sales, Form 4473, acquisition and disposition records, multiple sales reporting, and NICS. (Ex. 12.) DeLange signed a form indicating receipt of this legal overview and that it was his responsibility to be familiar with all applicable laws. (*Id.*) In 2002, BATFE sent another warning letter reiterating DeLange's violations, advising him that these violations constituted grounds for revocation of his federal firearms license, and reminding him that his license is conditioned on compliance with the law and that repeat violations may be viewed as willful. (Ex. 11b; Tr. 67–71.)

      BATFE conducted its final compliance inspection in 2005. (Ex. 23.) BATFE cited DeLange for eight violations—many of which were repeat violations from previous inspections—including not recording required information in the acquisition and disposition record (Count 1); not contacting NICS prior to completion of a firearms transfer on 17 occasions (Count 2);[3] not recording the date he contacted NICS on 18 occasions (Count 3); not ensuring that an alien transferee was a resident of Michigan on two occasions (Count 4); transferring a firearm despite receiving a "denied" response

---

[3] BATFE eventually decided not to charge this violation.

from NICS (Count 5); transferring a firearm without Form 4473 (Count 6); not preparing a multiple sale report when selling multiple firearms at once (Count 7); and incorrectly recording disposition of a firearm in the acquisition and disposition record when it remained in inventory (Count 8).

On March 20, 2006, BATFE issued a Notice of Revocation of License to DeLange. (Ex. 1.) DeLange thereafter requested an administrative hearing. (Ex. 5.) A BATFE hearing officer conducted the hearing on August 9, 2006. (*See* Ex. 31.) Notably, DeLange admitted being "way too careless" regarding his conduct which gave rise to Counts 1 and 8, but he did not challenge the factual bases of these violations. (Ex. 26 at 1.) Regarding Counts 2, 3, and 4, DeLange stated he was not aware of the applicable law or did not understand it clearly, but did not challenge the factual bases of these violations. (*Id.* at 1–2.) DeLange argued, regarding related Counts 5 and 6, that the factual basis was inaccurate. Specifically, DeLange stated he did not sell the firearm to the prohibited person referenced in Count 5, but rather to the prohibited person's mother, although DeLange could not document the transaction. (*Id.* at 2.) DeLange admitted, regarding Count 7, "[t]his was obviously a violation." (*Id.* at 2–3.)

On September 28, 2006, the hearing officer issued her report and found that BATFE had proved willful violations in all but Count 2, which she suggested BATFE should not charge. (Ex. 32.) Accordingly, the hearing officer recommended revoking DeLange's license. (*Id.* at 15.) On April 26, 2007, BATFE issued the Final Notice of Revocation of Firearms License after finding the willful violations recommended by the hearing officer. (Ex. 33.) Pursuant to 18 U.S.C. § 923(f)(3), DeLange timely petitioned this Court for *de novo* review of the administrative decision.

**II. STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56 limits the materials the Court may consider in deciding a summary judgment motion to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). If affidavits do not meet the requirements of Rule 56(e), they must be disregarded. *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993).

On competing summary judgment motions, each party faces the same burden on their respective motion. A movant must first specify the basis upon which summary judgment should be granted in the movant's favor and identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In assessing evidence, credibility determinations, the weighing of evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). When analyzing a movant's summary judgment motion, evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).

Summary judgment is appropriate upon *de novo* review of the administrative record when there is "no substantial reason to receive additional evidence . . . and when material facts developed at the administrative hearing . . . are not substantially drawn into question by the party petitioning for review." *Kuss v. U.S. of Am., Bureau of Alcohol, Tobacco, Firearms & Explosives*, 440 F. Supp. 2d 645, 649 (E.D. Ky. 2005). The issue is not whether the court would, in its own judgment, revoke the license. Instead, the issue is "whether all of the evidence presented is sufficient to justify" BATFE's decision to revoke the license. *Morgan v. U.S. Dep't of Justice Bureau of Alcohol, Tobacco, Firearms & Explosives*, 473 F. Supp. 2d 756, 762 (E.D. Mich. 2007) (citations omitted). BATFE may revoke a license for a single violation. *Appalachian Res. Dev. Corp. v. McCabe*, 387 F.3d 461, 464 (6th Cir. 2004). A party contesting revocation must establish that issues of material fact exist as to all the violations that were cited in favor of revocation. *See 3 Bridges, Inc. v. United States*, 216 F. Supp. 2d 655, 659 (E.D. Ky. 2002). Failure to contest every violation compels entry of summary judgment for BATFE. *See Dicks's Sport Ctr., Inc. v. Alexander*, No. Civ. 204CV74482, 2006 WL 799178, at *4 (E.D. Mich. Mar. 29, 2006) (citations omitted); *3 Bridges*, 216 F. Supp. 2d at 659 (citation omitted).

**III. ANALYSIS**

DeLange contests BATFE's finding that he willfully failed to comply with the requirements of the Gun Control Act and BATFE regulations. Section 923(e) of the Gun Control Act provides that "[t]he Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter." 18 U.S.C. § 923(e). The Sixth Circuit does not limit the definition of "willfulness" to acts or omissions committed with

a "bad purpose." *Dicks's Sport Ctr.*, 2006 WL 799178, at *3. "Accommodating the fundamental principle that ignorance of the law is no excuse," the Supreme Court has rejected a definition of "willfully" requiring an individual to have knowledge of the law he is accused of violating. *RSM, Inc. v. Herbert*, 466 F.3d 316, 321 (4th Cir. 2006) (citing *Bryan v. United States*, 524 U.S. 184, 196 (1998)). A more general knowledge "that the conduct is unlawful is all that is required." *Id.* (citing *Bryan*, 524 U.S. at 196.) "The majority of circuits, including the Sixth Circuit, have consistently held that where a licensee understands his or her legal obligations under the GCA, yet fails to abide by those obligations, his or her license can be denied or revoked on the basis that the dealer 'wilfully' violated the GCA." *Appalachian Res.*, 387 F.3d at 464 (citations omitted). The willfulness requirement is also satisfied by showing, among other things, a disregard of or an indifference to known legal obligations. *Bryan*, 524 U.S. at 197–98; *Appalachian Res.*, 387 F.3d at 465. Evidence of repeat violations is not necessary to establish willfulness but such evidence can be sufficient to establish willfulness if it is coupled with knowledge of legal requirements. *See Appalachian Res.*, 387 F.3d at 464.

DeLange undoubtably raises a genuine issue of material fact regarding some of the charged violations; namely, those charges where the underlying facts are disputed such as Counts 5 and 6. Even though a reasonable jury could find in favor of DeLange on these charges, this does not render summary judgment inappropriate. "[E]ven with genuine issues of material fact as to those . . . issues, given the repeat nature of other violations found by the ATF, and that the ATF may revoke a license for even a single willful violation, the court concludes that [the petitioner] has failed to demonstrate that a denial of summary judgment is warranted." *Dick's Sport Ctr.*, 2006 WL 799178, at *4. Thus,

DeLange must demonstrate that a genuine issue of material fact exists regarding *every* alleged violation.

DeLange admits he was "way too careless" in maintaining his acquisition and disposition record (Counts 1 and 8), failed to record the dates he contacted NICS on numerous transfers (Count 3), and failed to prepare a multiple sale report on several transfers (Count 7). (*See* Ex. 26.) DeLange characterizes these types of "clerical" violations as "minor," "*de minimus*," or "pett[y]."

> It is not the place of . . . any licensee to decide unilaterally which federal firearms regulations are sufficiently importunate to follow and which may be disregarded as "nit-picky." Nothing in the Gun Control Act or the accompanying regulations exonerates licensees from complying with "nit-picky" rules or trammels the ATF's authority to revoke licenses for willful violations of "nit-picky" rules.

*Willingham Sports Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 348 F. Supp. 2d 1299, 1309 (S.D. Ala. 2004). The "gravity of the policy objectives of the Gun Control Act, from both a law enforcement standpoint and a safety standpoint, strongly militates in favor of allowing the ATF to insist on total compliance as a condition of retaining the privilege of dealing in firearms." *Id.* at 1309 n.14. "[F]ailure to comply with exacting book keeping regulations may hinder the ATF's ability to perform its mandated function." *Dick's Sport Ctr.*, 2006 WL 799178, at *5 (citing *Willingham Sports*, 348 F. Supp. 2d at 1309 n.14). Thus, DeLange's argument that these violations are minor or technical is irrelevant.

Even though DeLange admits many of the violations occurred, he nevertheless contends the violations were not committed willfully. DeLange was specifically notified during previous inspections and in two warning letters that he had violations related to completing Form 4473 and maintaining his acquisition and disposition record. DeLange cannot point to affirmative evidence in the record which compels the conclusion he lacked knowledge of his repeated violations and the

necessary corrective actions he could have taken to avoid revocation. Although several excuses are given, such as DeLange's poor health, ignorance, and negligence, the evidence shows that he knew about the record keeping requirements and knew he needed to comply with the Gun Control Act. *Cf. Farmer v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 456 F. Supp. 2d 893, 903–04 (S.D. Ohio 2006).

> Plaintiff was told how to comply with the Gun Control Act each time he was cited for a violation. There is no evidence from which a reasonable jury could conclude that Plaintiff did not understand the requirements of the Gun Control Act throughout this period. Because it is undisputed that Plaintiff knew about the requirements of the Gun Control Act and that despite his knowledge, he repeatedly violated the Gun Control Act's recording requirements, he willfully failed to comply with the Gun Control Act.

*Id.* at 903. Therefore, DeLange's repeated violations despite his knowledge of the record keeping requirements sufficiently establishes willfulness.

DeLange's argument that the violations were accidental and inadvertent human errors, and not willful, is unavailing. The *RSM* court easily dismissed similar arguments.

> To be sure, a single, or even a few, inadvertent errors in failing to complete forms may not amount to "willful" failures, even when the legal requirement to complete the forms was known. Yet *at some point*, when such errors continue or even increase in the face of repeated warnings given by enforcement officials, accompanied by explanations of the severity of the failures, one may infer as a matter of law that the licensee simply does not care about the legal requirements. *At that point*, the failures show the licensee's plain indifference and therefore become willful.

*RSM*, 466 F.3d at 322. Such is the case with DeLange. DeLange was formally warned twice and knew the ramifications of noncompliance with the Gun Control Act and BATFE regulations. When combined with his repeated violations, this conduct readily amounts to willful conduct. *Cf. id.* The Court "need not here delineate at what point in the course of [the] repeated failures willfulness could have been inferred, their number and seriousness in this case in the face of repeated warnings

9

undoubtedly satisfy the willfulness requirement." *Id.* Thus, the Court finds summary judgment appropriate for BATFE because no genuine issues of material fact exist concerning the propriety of the revocation.

## IV. CONCLUSION

For the reasons aforesaid, the Court grants Respondent BATFE's Motion for Summary Judgment and denies Petitioners Gary DeLange and DeLange's Gun & Sports Shop's Motion for Summary Judgment. A Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>April 16, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |